IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 4:21-CV-0128-LMM |
| CITY OF DALTON, ETHAN PUGH *individually*, and CLIFF CASON, *individually*, | |
| Defendants. | |

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Leave to Proceed Under Pseudonym [2-1]. Plaintiff asks that she be allowed to proceed anonymously due to the sensitive facts of her case, and she likewise requests the right to file her Certificate of Interested Parties under seal. The Court will **GRANT** Plaintiff's request but notes that Defendants have not yet been served. Defendants may challenge the anonymity and the seal if they wish once they are served.

Ordinarily, "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a); Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011). This rule "'protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" Id. (quoting Doe v. Frank, 951

F.2d 320, 322 (11th Cir. 1992)). The public's interest "creates a strong presumption in favor of parties' proceeding in their own names. Defendants have a right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." Id. (citing Doe v. Smith, 429 F.3d 706, 710 (7th Cir. 2005)).

But the rule that the pleading must name the parties "is not absolute." Id. Parties may proceed anonymously if they show "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Id. at 1315–16 (quoting Frank, 951 F.2d at 323). The test for a substantial privacy right involves three factors: "First, are the plaintiffs seeking anonymity challenging governmental activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?" Id. at 1316.

The Court finds, subject to later opposition by Defendants, that Plaintiff has shown that she has a substantial privacy right. In this case, "'the issues involved are matters of a sensitive and highly personal nature,'" so that "the normal practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'" Plaintiff B., 631 F.3d at 1316–17 (quoting S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 712–13 (5th Cir. 1979)). Plaintiff alleges that she suffered sexual assault by a police officer while working as an intern, and she notes that her religious

affiliation (Baptist) would make the revelation of her identify especially injurious. See Doe v. Neverson, 820 F. App'x 984, 988 (11th Cir. 2020) (holding that a Muslim woman was entitled to anonymity in part because her religious affiliation made her especially sensitive to the public revelation of her sexual assault).

Accordingly, Plaintiff's Motion is **GRANTED**.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's Motion for Leave to Proceed Under Pseudonym [2] is **GRANTED**. The Clerk is further **DIRECTED** to **SEAL** Plaintiff's Certificate of Interested Persons once filed.

Defendants may oppose Plaintiff's Motion if they wish once they are served and move the Court to lift the protections of anonymity.

**IT IS SO ORDERED** this 12th day of July, 2021.

_____
**Leigh Martin May**
**United States District Judge**