## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| v. | ) | |
| | ) | **4:21-cv-00128-LMM** |
| CITY OF DALTON, ETHAN PUGH, | ) | |
| Individually, and CLIFF CASON, | ) | |
| Individually, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED USING A PSEUDONYM

COME NOW Defendants the City of Dalton, Georgia (the "City"), its Chief of Police, Cliff Cason ("Chief Cason"), and former Police Officer Ethan Pugh ("Mr. Pugh") (collectively "the Defendants"), and hereby files this Response in Opposition to Plaintiff's Motion for Leave to Proceed Using a Pseudonym.

### I.     INTRODUCTION

Plaintiff "Jane Doe" is a former unpaid intern of the Dalton Police Department ("DPD"). Plaintiff alleges she was sexually assaulted by Mr. Pugh (a former DPD police officer) on July 8, 2019 and that, following the end of her internship, Mr. Pugh harassed her by sending sexually explicit content in the form of unwanted photographs and videos.

Approximately one year later, Plaintiff disclosed to Natima Walker, the executive director of a sexual assault center, that Mr. Pugh had sexually assaulted her. (Compl. ¶¶ 45-46.) There is no allegation that Plaintiff suffered any harm as a result of this disclosure. Thereafter, with Ms. Walker's support, Plaintiff was able to "come forward and report that Defendant Pugh had sexually assaulted her," and an investigation into the incident was conducted by the GBI and the Catoosa County district attorney's office, who "will be presenting the matter to the grand jury." (Id. ¶¶ 47-49.) There is no allegation that Plaintiff suffered any shame, embarrassment, or harm as a result of this investigation.

Despite never reporting the conduct to anyone at DPD during her internship, Plaintiff filed a Complaint asserting federal claims against the City and Chief Cason (as well as Mr. Pugh) for sex discrimination in violation of the Equal Protection Clause under 42 U.S.C. § 1983, as well as state law claims against the City (and Mr. Pugh) for intentional infliction of emotional distress ("IIED") and invasion of privacy. Plaintiff also seeks punitive damages against the City and attorney's fees and costs under O.C.G.A. § 13-6-11. (Compl. ¶¶ 83-94). Simultaneously, Plaintiff filed a motion for leave to proceed under a pseudonym. (Doc. 2.) In support of her motion, she asserts she has a substantial privacy right in proceeding under a pseudonym, she and her family will suffer shame and humiliation unless she is

permitted to proceed anonymously, and asserts that Defendants will not face any prejudice if authorized by the Court to do so.  (Id.)

As discussed in more detail below, Plaintiff's assertions fall far short of the exceptional showing required to proceed without including her name in her pleadings as normally required under Fed. R. Civ. P. 10(a). Thus, Plaintiff's motion should be denied.

## II.     ARGUMENT AND CITATION OF AUTHORITY

Fed. R. Civ. P. 10(a) requires a complaint to "include the names of all the parties." Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981).

Nevertheless, there are limited circumstances under which a court may allow a plaintiff to proceed anonymously. In Stegall, the Fifth Circuit articulated the circumstances under which plaintiffs have been allowed to proceed anonymously: (1) plaintiffs challenging governmental activity[1]; (2) plaintiffs required to disclose

---

[1] "There is nothing self-evident about favoring or not favoring anonymity based upon the defendant being either a government or private party." Doe v. Teti, No. 1:15-mc-01380,  2015 U.S. Dist. LEXIS 142522, *7-8 (D.D.C. Oct. 19, 2015). Some courts granting anonymity to plaintiffs against government defendants have

information of the utmost intimacy; and (3) plaintiffs compelled to admit their

intention to engage in illegal conduct, thereby risking criminal prosecution. Stegall,

653 F.2d at 185.

However, these factors were not intended as a "rigid, three-step test for the

propriety of party anonymity." Frank, 951 F.2d at 323 (quoting Stegall, 653 F.2d at

---

weighed this factor in the plaintiff's favor because plaintiffs were required to divulge highly personal and sensitive information in order to establish standing, or meet the burden of proof in challenging state or federal laws regulating using contraceptives or undergoing abortions, or criminalizing same-sex relationships. See e.g., S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 712-13 (5th Cir. 1979) (discussing cases). "It does not stand on its own as an independent basis for favoring a plaintiff's request to file under a pseudonym against a government entity." Teti, 2015 U.S. Dist. LEXIS 142522, *8.  Indeed, other cases have concluded that this factor actually weighed *against anonymity* because the governmental defendant would be prejudiced by having to defend a case without naming the plaintiff where the plaintiff nonetheless attacked the government publicly; or weighed against anonymity because the defendant did have a need to defend its reputation, see Doe v. North Carolina Central Univ., 1999 U.S. Dist. LEXIS 9804, 1999 WL 1939248, at *4-5 (M.D.N.C. Apr. 15, 1999), cf. Wynne & Jaffe, 599 F.2d at 713 (finding anonymity unfair in the case with publicized allegations of *sex discrimination* against private firm given risk to defendant's reputation and revenues); or weighed in favor of anonymity where the case was analogous to one involving a governmental entity that had a lesser risk of injury to reputation. EW v. New York Blood Ctr., 213 F.R.D. 108, 112 (2003) (holding that plaintiff's privacy right in suit over a bad blood transfusion outweighs public right of access, because, among other things, government-like defendant had minimal reputational interest to protect). Ultimately, the fact that a defendant is a governmental entity does not alone present more of a reason to allow a plaintiff to file a complaint anonymously. Context matters. See Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992) (affirming a decision denying request to proceed anonymously against the Postal Service on a claim alleging unlawful termination due to his alcoholism handicap).

185). Nor is the presence of one factor intended to be dispositive. Id. The ultimate test for whether a plaintiff should be allowed to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." Id. (quoting Stegall, 653 F.2d at 186). Therefore, the Court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." Id. (emphasis in original).

"It is the exceptional case in which a plaintiff may proceed under a fictitious name." Frank, 951 F.2d at 323. As discussed in more detail below, this is not one of the exceptional cases where allowing Plaintiff to proceed under a pseudonym would be appropriate.

> **A.** **The Stegall Factors Do Not Weigh In Favor Of Allowing Plaintiff to Proceed Using A Pseudonym.**
>
> **1.** **The Mere Fact that Plaintiff May Be Required to Disclose Personal Information is Insufficient to Merit the Use of a Pseudonym.**

Plaintiff contends the second Stegall factor weighs in her favor because she would be forced to disclose information of the "utmost intimacy," including "non-consensual sexual activity." Frank, 951 F.2d at 323. However, "the public has a common-law right to access judicial records, and that right is outweighed by a

party's desire for privacy *only when no substantial public interest is involved* or when court files have become 'a vehicle for improper purposes.'" <u>Doe v. Family Dollar Stores, Inc.</u>, No. 1:07-CV-1262-TWT-CCH, 2007 U.S. Dist. LEXIS 105268, at *4 (N.D. Ga. Oct. 17, 2007) (citing <u>Nixon v. Warner Commc'ns</u>, 98 S. Ct. 1306, 1312 (1978)) (emphasis added). "The right of access is widely extolled and strongly defended." <u>Id.</u>; <u>see also</u> <u>Miller v. Indiana Hosp.</u>, 16 F.3d 549, 551 (3rd Cir. 1994) (affirming a "strong presumption" of openness to judicial records); <u>Matter of Continental Illinois Securities Litigation</u>, 732 F.2d 1302, 1308 (7th Cir. 1984) (the public's right to access judicial records "has been characterized as fundamental to a democratic state," largely because it is important to "the public's right to monitor the functioning of our courts, thereby insuring quality, honesty, and respect for our legal system"); <u>Newman v. Graddick</u>, 696 F.2d 796, 801 (11th Cir. 1983) (public scrutiny is supposed to safeguard "[t]he integrity of the judicial process").

Plaintiff asserts the alleged sexual assault involves matters of the "utmost privacy." (Doc. 2-1 at 6-7.) However, "the 'information of utmost intimacy' standard applies to cases involving issues such as abortion, <u>Roe v. Aware Woman Center for Choice, Inc.</u>, 253 F.3d 678, 685 (11th Cir. 2001), and prayer and personal religious beliefs, <u>Stegall</u>, 653 F.2d at 186." <u>Plaintiff B v. Francis</u>, 631 F.3d 1310, 1316 (11th Cir. 2011). "On the other hand, **courts have often denied the protection of**

**anonymity in cases where plaintiffs allege sexual assault**, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.'" Id. (citing Frank, 951 F.2d at 324) (emphasis added); see, e.g., Doe v. Del Rio, 241 F.R.D. 154, 159-62 (S.D.N.Y. 2006) (holding that plaintiffs alleging sexual abuse by police officer could not proceed anonymously); Doe v. Shakur, 164 F.R.D. 359, 360-62 (S.D.N.Y. 1996) (denying motion by plaintiff suing hip-hop artist for brutal sexual assault requesting to remain anonymous); Doe v. Bell Atl. Bus. Sys. Servs., 162 F.R.D. 418, 420 (D. Mass. 1995) ("plaintiffs alleging sexual harassment have generally not been allowed to proceed anonymously"). Thus, the fact that Plaintiff is alleging sexual assault is clearly not enough to warrant the use of a pseudonym.

Given the extensive case law denying the use of a pseudonym by alleged sexual assault victims, it is puzzling why Plaintiff asserts in her motion "the Eleventh Circuit has acknowledged that sexual assault victims should be able to protect their identities in proceedings." (Doc. 2-1 at 6-7) (citing S.B. v. Fla. Agric. & Mech. Univ. Bd. of Trs., 823 F. App'x 862 (11th Cir. 2020)). The simple answer is that the Eleventh Circuit did **not** in fact acknowledge that sexual assault victims should be able to proceed anonymously as a matter of course. Rather, the Eleventh Circuit in Fla. Agric. & Mech. Univ. Bd. of Trs. allowed the plaintiff to proceed anonymously because it found the defendant's motion in opposition was procedurally deficient –

specifically, it was untimely. Id. at 868.[2]

It should also be noted that Defendants have no intention of opposing a request for entry of a protective/confidentiality order so that any of Plaintiff's private medical records, her deposition transcript, discovery responses, and the like are protected from public disclosure.  This will effectively mitigate any potential harm to the Plaintiff resulting from her proceeding with her actual name and restrict public right of access to certain sensitive filings.

In summary, the fact that Plaintiff is alleging claims of sexual assault is insufficient without extenuating circumstances (which are not present here) to merit the use of a pseudonym, particularly in light of the availability of a protective or confidentiality order.

---

[2] Furthermore, the plaintiff in Fla. Agric. & Mech. Univ. Bd. of Trs. can be distinguished from Plaintiff in this case because: (1) the defendant was a public education institution; (2) the plaintiff was alleging three separate incidents of rape; and (3) the court found her anonymity would not pose any unique threat of fundamental unfairness to the university because **she was not accusing the university itself of committing sexual assault**. Id. at 864. In contrast, Plaintiff is accusing Mr. Pugh of sexual assault and is seeking to hold Chief Cason – a public and important figure in the community – *individually liable* for the assault.  Given the widespread fear and distrust of police that is rampant in this community, Chief Cason deserves the opportunity for the public to know who his accuser is and to publicly defend himself against these baseless accusations. The City also has a strong interest in restoring the public's confidence in the DPD.

## 2. The Fact that Plaintiff May Suffer Some Personal Embarrassment Does Not Require the Granting of a Request to Proceed Under a Pseudonym.

Plaintiff asserts she and her family will "suffer shame and humiliation" unless she is permitted to proceed anonymously. (Doc. 2-1 at 7.) In an attempt to bolster her request to proceed using a pseudonym, Plaintiff submitted a declaration asserting that: (1) she and her family are devout Baptists (Plaintiff's Decl., ¶ 7); (2) "the mandate in [her] religious community is that [she] will not engage in the kind of sexual activity that Defendant Pugh subjected [her] to until marriage" (id., ¶ 9); and (3) "the revelation of the sexual conduct to which Defendant Pugh subjected [her] to may thus bring shame and humiliation upon [her] and [her] family in [her] religious community" (id., ¶ 10).

These vague, unsubstantiated, stereotyped, and conclusory assertions are woefully deficient in supporting Plaintiff's request to proceed using a pseudonym. "Lawsuits are public events." Frank, 951 F.2d at 324. "A plaintiff should be permitted to proceed anonymously only in those exceptional circumstances involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." Id.

The fact that Plaintiff may suffer some personal embarrassment or discomfort,

standing alone, does not require granting her request to proceed using a pseudonym. See Frank, 951 F.2d at 324. Of course, being accused of sexual assault is also embarrassing, yet Pugh and Chief Cason have been publicly named in the lawsuit. It is also notable that "[t]he threat of a hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." Stegall, 653 F.2d at 186. In turn, Plaintiff has not provided any examples of persons in her religious community being ex-communicated as a result of similar conduct being made public. Therefore, Plaintiff's unsubstantiated concern that members of the community may disapprove of the allegations in the lawsuit provide no basis for allowing her to proceed using a pseudonym. See, e.g., Freedom From Religion Foundation, 2009 WL 2176624, at *6 (holding that "the unsubstantiated potential for an adverse public reaction does not establish a compelling reason to depart from the requirements of Rule 10(a)," and that "plaintiffs have not presented any evidence that reflects disapproval of the instant lawsuit within the relevant community or suggests they would be the target of actual threats, harassment or retaliation"); Doe #1 v. Von Eschenbach, 2007 WL 1848013, at *2 (D.D.C. 2007) (declining to grant anonymity where plaintiff's fears of retaliation were vague and unsubstantiated); Qualls v. Rumsfeld, 228 F.R.D. 8, 12 (D.D.C. 2005) (unsubstantiated and vague concerns did not establish likelihood of retaliation).

Notably, courts faced with a request by an alleged victim of sexual assault seeking to prosecute a civil case under a pseudonym have also concluded that the plaintiff was not entitled to do so even if the plaintiff may experience public shame or humiliation. Doe v. Shakur, 164 F.R.D. 359, 361 (S.D.N.Y. 1996); see also Doe v. Bell Atl. Bus. Sys. Servs., 162 F.R.D. 418 (D. Mass. 1995) (in sexual harassment case against employer and supervisor, plaintiff who was concerned that she might have been infected with the HIV virus as a result of an alleged sexual assault by her supervisor was not permitted to proceed under a pseudonym, notwithstanding fears of "intense embarrassment and shame within her community"); Doe v. Hallock, 119 F.R.D. 640 (S.D. Miss. 1987) (in Title VII action, plaintiff who alleged sexual harassment and also asserted state law claims of assault and battery was not permitted to proceed under a pseudonym). "Such claims of public humiliation and embarrassment [] are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously." Id. Thus, Plaintiff's claim she *may* experience embarrassment and disapproval within her religious community, without any factual support to substantiate these claims, is an insufficient ground to proceed under a pseudonym.

### 3.     It Would Be Inequitable to Defendants if Plaintiff Is Permitted to Proceed Anonymously.

Plaintiff wishes to proceed anonymously while simultaneously attacking the reputation and integrity of Mr. Pugh and Chief Cason in a public forum and is seeking damages against them. The risk of harm to the Defendants in this case is heightened in light of the recent nationwide protests against police departments, which can only functionally operate if the public respects a department's responsibility to maintain law and order. Plaintiff's allegations are likely to erode public confidence in the DPD, particularly if she is permitted to remain anonymous.

The courts have found allowing a plaintiff to proceed under a fictitious name while making serious allegations of wrongdoing against private individuals would be generally inequitable to the defendant. See, e.g., Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992) ("The mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm"); S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979) ("the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm" and "basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real name").

It would also be inequitable to Defendants if Plaintiff is allowed to proceed anonymously because Plaintiff's credibility will be at issue here, weighing against the use of a pseudonym. Many of the cases in which courts have allowed plaintiffs to proceed under fictitious names involved claims where personal credibility played little if any role in the issues in the case. <u>Doe v. Ind. Black Expo</u>, 923 F. Supp. 137, 142 (S.D. Ind. 1996). In <u>Ind. Black Expo</u>, the court found that where the parties' testimony is virtually certain to be at odds on material matters, their credibility will be directly at issue. <u>Id.</u> And the court found the plaintiff cannot use his privacy interests as a shelter from which he can safely hurl these accusations without subjecting himself to public scrutiny, even if that public scrutiny includes scorn and criticism. <u>Id.</u> <u>See</u> <u>also</u> <u>Doe v. Family Dollar Stores, Inc.</u>, No. 1:07-CV-1262-TWT-CCH, 2007 U.S. Dist. LEXIS 105268, at *9 (N.D. Ga. Oct. 17, 2007) ("it is only equitable that, if Plaintiffs are allowed to bring damaging and highly-embarrassing charges against Defendants using their true names, they be required to identify themselves as well.") Thus, his factor also weighs against the Plaintiff's use of a pseudonym and her motion should be denied.

### III.   CONCLUSION

For all the reasons set forth herein, Plaintiff's Motion for Leave to Proceed Using A Pseudonym should be denied.

Respectfully submitted this 26th day of August, 2021.

**FREEMAN MATHIS & GARY, LLP**

/s/ *Natalie C. Pulley*
John D. Bennett
Georgia Bar No. 515005
jbennett@fmglaw.com
Natalie C. Pulley
Georgia Bar No. 794117
npulley@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
*Counsel for Defendant City and Chief Cason*

/s/ *Christopher K. Rhodes*
Christopher K. Rhodes
Georgia Bar No. 565014
rhodeslaw1@gmail.com

Rhodes Law, P.C.
P.O. Box 973
Dalton, GA 30722
T: (706) 980-0113
F: (706) 935-5298
*Counsel for Defendant Pugh*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **4:21-cv-00128-LMM** |
| **CITY OF DALTON, ETHAN PUGH,** | ) | |
| **Individually, and CLIFF CASON,** | ) | |
| **Individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION**

**FOR LEAVE TO PROCEED USING A PSEUDONYM** has been prepared in

compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

/s/ *Natalie C. Pulley*
Natalie C. Pulley
Georgia Bar No. 794117
npulley@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
*Counsel for Defendant City and Chief Cason*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **4:21-cv-00128-LMM** |
| **CITY OF DALTON, ETHAN PUGH,** | ) | |
| **Individually, and CLIFF CASON,** | ) | |
| **Individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day submitted the within and foregoing

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINIFF'S MOTION**

**FOR LEAVE TO PROCEED USING A PSEUDONYM** to the Clerk of Court

using the CM/ECF system which will automatically send electronic mail notification

of such filing to parties who are CM/ECF participants.  Counsel of record are:

Rachel Berlin Benjamin, Esq.
Andrew M. Beal, Esq.
Berkley Beal, LLP
600 Peachtree Street, N.E., Ste. 3900
Atlanta, Georgia  30308
Email: rberlin@buckleybeal.com
Email: abeal@buckleybeal.com

Jonathan D. Grunberg, Esq.

Wade, Grunberg & Wilson, LLC
1629 Monroe Drive
Atlanta, Georgia  30324
Email: jgrunberg@wgwlawfirm.com

McCracken Poston
Law Offices of McCracken Poston
7713 Nashville Street
Ringgold, Georgia  30736
Email: postonlaw@gmail.com

Christopher K. Rhodes
Rhodes Law, P.C.
P.O. Box 973
Dalton, GA 30722
Rhodeslaw1@gmail.com

This 26th day of August, 2021.

**FREEMAN MATHIS & GARY, LLP**

/s/ *Natalie C. Pulley*
Natalie C. Pulley
Georgia Bar No. 794117
npulley@fmglaw.com