IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JANE DOE, )<br>)<br>    Plaintiff, )<br>)<br>                              ) Civil Action<br>v.                            ) File No. 4:21-cv-00128-LMM<br>                              )<br>CITY OF DALTON, ETHAN PUGH, )<br>individually, and CLIFF CASON, )<br>individually, )<br>                              )<br>    Defendants. )<br>_____) | |

### PLAINTIFF'S REPLY TO DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED USING A PSEUDONYM

COMES NOW Plaintiff, who respectfully requests that the Court maintain its Order [Doc. 5] allowing her to proceed under a pseudonym in this action arising from her sexual assault. The Court has granted Plaintiffs' Motion for Leave to Proceed Under Pseudonym, finding that "'"the issues involved are matters of a sensitive and highly personal nature,"' so that 'the normal practice of disclosing the parties' identities '"yields to a policy of protecting privacy in a very private matter."'" [*Id.* at 2 (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1316-17 (11th Cir. 2011) (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)))]. The Court's holding also relied on

1

the Plaintiff's showing "that her religious affiliation (Baptist) would make the revelation of her identify especially injurious." [*Id.* at 2-3]. Regarding the issue of religious affiliation, the Court cited *Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020), in which "a Muslim woman was entitled to anonymity in part because her religious affiliation made her especially sensitive to the public revelation of her sexual assault." [Doc. 5 at 3].

Defendants filed a joint response in opposition to Plaintiff's motion that neither grappled with the Court's order, discussed *Neverson*, nor presented any evidence contravening that Plaintiff and her family will be subjected to shame and humiliation in her religious community if forced to proceed under her own name. This stands to reason, as Eleventh Circuit precedent strongly supports the Court exercising its discretion to allow Plaintiff to proceed anonymously. Rather than address *Neverson* head-on, Defendants attempt to dismiss with a single sentence Plaintiff's sworn declaration regarding her religious affiliation. Defendants mischaracterize it as "vague, unsubstantiated, stereotyped, . . . conclusory . . . [and] woefully deficient." [Doc. 19 at 9]. Defendants' dismissive statement is not evidence and should not sway the Court's discretionary decision to allow Plaintiff to proceed anonymously.

Defendants further attempt to escape this Court's Order and *Neverson* by discussing or citing to a litany of twenty cases, many of which are inapposite. None of these twenty cases denied anonymity to a sexual assault plaintiff who provides evidence of the risk of shame and humiliation by members of her religious community with stringent sexual mores.

Finally, Defendants argue it would be prejudicial and inequitable for them to defend against Plaintiff if she remains anonymous. Defendants, however, do not point to any evidence supporting their argument. Rather, they engage in speculation about harms and inequities, ranging from protests against police departments to notions that a plaintiff whose credibility is at issue should be subjected to public scrutiny, even if that includes "scorn and criticism." [Doc. 19 at 12-13]. But Defendants do not actually explain why their defense would be hampered by Plaintiff's anonymity. Defendants are still free to make any argument they would otherwise make, minus the Plaintiff's actual name. Ultimately, Defendants' argument boils down to the notion that if she can make harmful accusations against them, they should be allowed to make accusations that will harm her, by name, in the Court of public opinion. Sadly, this suggestion that they may wield public shame as a weapon in litigation is precisely why the Court should continue allowing Plaintiff to proceed anonymously.

Indeed, Defendants appear intent on making light of the severe emotional impact the sexual assault and resulting events have had on Plaintiff. Defendants point out that Plaintiff did not allege that she suffered harm, shame, and/or embarrassment in reporting the sexual assault to law enforcement and to an organization that helps victims of sexual assault. [Doc. 19 at 2]. Defendants' point is shrouded in innuendo. But they appear to erroneously suggest either that disclosing the sexual assault had no emotional impact on Plaintiff, or that disclosing to professionals who are trained to assist sexual assault victims is akin to being publicly identified as a victim of sexual assault. Defendants then argue, in a heading no less, that "[t]he Fact that Plaintiff **May Suffer <u>Some</u> Personal Embarrassment** Does Not Require the Granting of [her motion]." [Doc. 19 at 9 (emphasis added)]. Plaintiff's declaration describes her deeply held religious beliefs regarding sexual conduct and the personal consequences should she be identified as a victim of sexual assault, including shame, embarrassment, ridicule, and humiliation. [Doc. 2-2 *passim*]. This is not a matter of just "some" "embarrassment."

Defendants have inundated the Court with inapposite case law, avoided the import of Plaintiff's religious affiliation, failed to contravene Plaintiff's evidence, and revealed that they may wish for Plaintiff to be subjected to public ridicule,

4

shame, and criticism. Defendants, however, have not shown why this Court should set aside its Order allowing Plaintiff to proceed under a pseudonym. Plaintiff thus respectfully requests that its Order remain in force.

Respectfully submitted this 8th day of September, 2021.

**BUCKLEY BEAL, LLP**

By:   */s/ Rachel Berlin Benjamin*
Andrew M. Beal
abeal@buckleybeal.com
Georgia Bar No. 043842
Rachel Berlin Benjamin
Georgia Bar No. 707419
rberlin@buckleybeal.com
600 Peachtree Street NE
Suite 3900
Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

**WADE, GRUNBERG & WILSON LLC**
Jonathan D. Grunberg
Georgia Bar No. 869318
jgrunberg@wgwlawfirm.com
1629 Monroe Dr.
Atlanta, GA 30324
Telephone: (404) 600-1153
Facsimile: (404) 969-4333

**LAW OFFICES OF MCCRACKEN POSTON**
McCracken Poston
Georgia Bar No. 585606
postonlaw@gmail.com
7713 Nashville Street

Ringgold, Georgia 30736
Telephone: (423) 265-5888
Facsimile: (706) 965-5413

*Counsel for Plaintiff*

## CERTIFICATION UNDER L.R. 7.1D.

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that this PLAINTIFF'S REPLY TO DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED USING A PSEUDONYM is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1C.

Respectfully submitted this 8th day of September, 2021,

                                                */s/ Rachel Berlin Benjamin*
                                                Rachel Berlin Benjamin

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                           */s/ Rachel Berlin Benjamin*
                                           Rachel Berlin Benjamin